UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SONYA CONSTANCE DOWDY,
Plaintiff-Appellant,

v.

STATE OF NORTH CAROLINA
DEPARTMENT OF CORRECTION,
Department of Adult Probation and
Parole,
Defendant-Appellee,

and

GEORGE J. MCCLEASE, JR.,
Defendant.

No. 99-1457

Appeal from the United States District Court
for the Eastern District of North Carolina, at Elizabeth City.
Terrence W. Boyle, Chief District Judge.
(CA-96-37-2-BO)

Submitted: December 29, 1999

Decided: February 8, 2000

Before WILKINS and MOTZ, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Reversed and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Branch W. Vincent, III, THE TWIFORD LAW FIRM, L.L.P., Eliza-
beth City, North Carolina, for Appellant. Michael F. Easley, Attorney

General, Michelle Bradshaw, Assistant Attorney General, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Sonya Constance Dowdy appeals the district court's order granting the State of North Carolina Department of Correction's ("NCDOC") motion to dismiss her claims of sexual harassment under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 1994 & Supp. 1999). Dowdy, a former probation/parole officer for NCDOC, claims that her immediate supervisor, George J. Mc-Clease, Jr., made improper sexual advances and engaged in improper physical contact with her on five different occasions.**1**

In her complaint, Dowdy alleged that these acts created a hostile work environment and that her rejection of McClease's unwelcome advances "was used [by NCDOC] as a basis for employment decisions." The district court rejected both arguments. With regard to the first, it found that Dowdy had not alleged facts showing NCDOC had "actual or constructive notice" of McClease's misconduct and so, under then-controlling circuit precedent, she had demonstrated no basis for vicarious liability. As to the second argument, the court determined that Dowdy did not allege facts showing that, as a result of her rejection of McClease's advances, "she suffered any adverse job consequences" or any threat of such consequences. On appeal, Dowdy does not contend that she suffered any adverse employment action but she does claim that NCDOC should be held vicariously liable for the hostile work environment created by McClease's actions.

_____

**1** McClease entered into a consent judgment with Dowdy, and he is not a party to this appeal.

2

After the district court's dismissal of this case, the Supreme Court decided Faragher v. City of Boca Raton, 524 U.S. 775 (1998), and Burlington Indus., Inc. v. Ellerth, 524 U.S. 742 (1998). In these cases, the Court articulated the following standard by which federal courts must now assess the vicarious liability of employers for a hostile environment created by a supervisor:

> An employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee. When no tangible employment action is taken, a defending employer may raise an affirmative defense to liability or damages, subject to proof by a preponderance of the evidence. The defense comprises two necessary elements: (a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.

Faragher, 524 U.S. at 807 (citation omitted); Ellerth, 524 U.S. at 765 (citation omitted). The employer may establish the second prong of an affirmative defense by demonstrating that it"provided a proven, effective mechanism for reporting and resolving complaints of sexual harassment, available to the employee without undue risk or expense," and that the employee unreasonably failed to take advantage of that mechanism. Faragher, 524 U.S. at 806.

Because the district court did not have the benefit of these cases in rendering its decision, we reverse the order of the district court and remand for further proceedings in light of Faragher and Ellerth.**2** We

_____

**2** We note that the evidence in the record does not establish whether NCDOC's sexual harassment policy was in fact "proven" and "effective." If the policy was not "proven" and"effective," Dowdy might be able to justify her failure to make an unverifiable complaint, particularly in light of the violent nature of the conduct against her. Our remand, however, should not be construed as intimating a view as to either the merits of Dowdy's claims or the viability of NCDOC's affirmative or other defenses.

3

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

REVERSED AND REMANDED

4